# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Andrew Alec Chavis, | Case No. 0: 17-CV-01823-DSD-KMM |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States *and others*, Warden L. Lariva, | |
| Respondents. | |

Andrew Alec Chavis, 12443-424 FMC Rochester, PO Box 4000, Rochester, MN 55903, pro se petitioner

Sarah E. Hudleston, Ana H. Voss, Ann M. Bildtsen, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for respondents

This matter is before the Court on the respondents' Motion to Dismiss for Lack of Jurisdiction, ECF No. 5. For the following reasons, the Court recommends the motion be granted and the case be dismissed without prejudice.

## BACKGROUND

Petitioner Andrew Alec Chavis was convicted in the Northern District of Illinois for possession of cocaine base with intent to distribute and conspiracy to possess cocaine base with intent to distribute, and the Seventh Circuit Court of Appeals upheld his convictions. *United States v. Chavis*, 429 F.3d 662, 666, 672 (7th Cir. 2005). At sentencing, the district court determined that Mr. Chavis was a career offender under § 4B1.1 of the United States Sentencing Guidelines and imposed a sentence of 420 months in prison followed by ten years of supervised release. Mr. Chavis's sentence was affirmed after an appeal and remand. *United States v. Chavis*, 184 Fed. Appx. 574 (7th Cir. 2006).

In 2007, Mr. Chavis filed a motion pursuant to 28 U.S.C. § 2255, but that action was dismissed without prejudice. *See* Mot. to Dismiss at 3; Pet. at 5, ECF No. 1. Mr. Chavis filed a second § 2255 motion in 2014, challenging his career-offender status pursuant to *Descamps v. United States*, 133 S.Ct. 2275 (2013), but it was also dismissed without prejudice. *See* Mot. to Dismiss at 3; Pet. at 5. In 2016, Mr. Chavis filed a third § 2255 motion based on *Johnson v. United States*, 135 S.Ct. 2551 (2015), again challenging his career-offender status. *See* Mot to Dismiss at 4; Pet. at 5. Though the district court initially dismissed the filing as a successive petition filed without authorization, the Seventh Circuit Court of Appeals later approved the filing and the petition remains active in district court. Mot. to Dismiss at 4; Pet. at 5.

Mr. Chavis is currently incarcerated at the Federal Medical Center in Rochester, Minnesota, and brings the instant petition under 28 U.S.C. § 2241 challenging his sentence. *See* Pet. He argues that he is not a career offender in light of *Mathis v. United States*, 136 S.Ct. 2243 (2016). *Id.* Specifically, Mr. Chavis argues that his prior conviction for attempted robbery "does not categorically qualify as a crime of violence" as contemplated by the sentencing guidelines, and that his prior controlled substance conviction similarly "does not categorically qualify as a 'controlled substance' offense" as contemplated by the sentencing guidelines. *Id.* at 3. He further asserts that the district court erred when it applied the modified categorical approach in finding him a career offender and that he would have received a lower, unenhanced sentence but for this error. *Id.* at 4.

The respondents argue that Mr. Chavis's petition should be dismissed for lack of subject matter jurisdiction. Mot. to Dismiss. Specifically, they argue that Mr. Chavis does not and cannot demonstrate that he is entitled to relief under § 2241 because he "has failed to show that a remedy under § 2255 is inadequate or ineffective" to satisfy the Savings Clause and because the error he alleges does not, as a matter of law, satisfy the Savings Clause. *See id.* at 5-8.

## ANALYSIS

"A federal prisoner generally must challenge his sentence through a motion under 28 U.S.C. § 2255, and he may not employ the habeas remedy of 28 U.S.C. § 2241 unless he demonstrates that the § 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" *Clark v. United States*, 17-cv-02040 (SRN/DTS), 2017 WL 4685064, at *1 (D. Minn. Oct. 16, 2017) (quoting 28 U.S.C. § 2255(e)). The

provision that allows for the filing of a § 2241 in the face of an inadequate remedy under § 2255 is referred to as the "savings clause." But the parameters of the savings clause are not well defined, and those circuits which have attempts to set out analysis for its application disagree as to the requirements for relief under the section. *See McCarthan v. Dir. of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076, 1084-85 (11th. Cir. 2017) (examining the savings-clause tests applied by all but the First Circuit). The Eighth Circuit has not adopted a specific test for analysis of savings-clause claims, but most circuits seem to agree that a retroactive new rule of law could, in tandem with varying other requirements, allow for § 2241 relief. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011) (noting that the savings clause does not entitle a petitioner to relief where he "had an opportunity to bring and test his claim"); *Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008) (requiring a showing that petitioner "has not had an unobstructed procedural shot at presenting" a claim); *Abdullah v. Hedrick*, 392 F.3d 957, 963 (8th Cir. 2004) (same); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001) (requiring a retroactively applicable Supreme Court decision concerning the statute of conviction); *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (requiring a substantive law change); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (requiring a retroactive change in law by the Supreme Court).

Although its contours remain unclear, it is settled that the savings-clause path to § 2241 relief is "'narrowly circumscribed.'" *Id.* (quoting *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061 (8th Cir. 2002)). And it "does not apply unless the prisoner shows that he 'never had an unobstructed procedural opportunity to raise the claim.'" *Id.* (quoting *Abdullah*, 392 F.3d at 959. If Mr. Chavis cannot demonstrate the applicability of the savings clause, this Court lacks jurisdiction to hear his collateral challenge to his sentence in this habeas petition. *See Trice v. United States*, 17-cv-1995 (DWF/LIB), 2017 WL 4685070, at *1 (D. Minn. July 18, 2017).

At a minimum, it is settled that in order to seek § 2241 relief, "a petitioner must generally show that he seeks to apply a new rule of law that applies retroactively to cases on collateral review." *Id.*, at *2. Mr. Chavis argues that *Mathis* is a new rule of law enabling application of the savings clause. Pet. at 9; Reply Br. at 4, ECF No. 6. But this Court has held that the holding in *Mathis* "is not a new rule at all." *Trice*, 2017 WL 4685070, at *2; *see also Clark,* 2017 WL 4685064, at *2 (adopting magistrate judge's conclusion that "Mathis did not create a new rule of law"); *Blake v. United States*, 17cv1108 (PJS/DTS), 2017 WL 265098, at *1 (D. Minn. June 20, 2017)

("*Mathis*, however, does not represent a change in law; instead, its decision was dictated by decades of prior precedent." (quotation omitted)).[1] Mr. Chavis has failed to demonstrate that the savings clause lends this Court jurisdiction over his petition.

Mr. Chavis argues that this Court should apply Seventh Circuit savings-clause precedent to this matter, which he believes is more favorable to his position, because his conviction and sentencing arose in that Circuit. Reply Br. at 2-5. But, even were his choice-of-law argument persuasive, the Seventh Circuit requires a similar showing: a prisoner must demonstrate that "'he had no reasonable opportunity'" to obtain an earlier correction of his sentence or that "'the law changed after his first 2255 motion.'" 2017 WL 4685064, at *2 (quoting *Davenport*, 147 F.3d at 611). Because *Mathis* has been widely held not to be new, Mr. Chavis's claim fails.

Mr. Chavis has not demonstrated the applicability of the savings clause to his case so this Court does not have jurisdiction over his petition. Because Mr. Chavis cannot establish that *Mathis* is a new rule, the Court need not explore what additional rqeuirements apply under the savings clause and whether Mr. Chavis has satisfied those requirements. As a result, the Court recommends granting the respondents' motion to dismiss.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** the Respondents' Motion to Dismiss for Lack of Jurisdiction, **ECF No. 5**, be **GRANTED** and the matter be **DISMISSED WITHOUT PREJUDICE**.

Date: January 9, 2018    *s/ Katherine Menendez*
    Katherine Menendez
    United States Magistrate Judge

---

[1] Although the Eighth Circuit has yet to address whether *Mathis* can be characterized as a new rule, several other circuits have agreed that it cannot. *See, e.g., Washington v. United States*, 868 F.3d 64, 66 (2d Cir. 2017) (noting that *Mathis* "did not reflect a new rule"); *United States v. Taylor*, 672 Fed. Appx. 860, 864 (10th Cir. 2016) ("Thus, *Mathis* did not announce a new rule. And courts applying *Mathis* have consistently reached the same conclusion."); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (holding that *Mathis* did not announce a new rule). No court of appeals has found to the contrary.

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.