```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
             Civil No. 17-1823(DSD/KMM)
```

Andrew Alec Chavis,

       Petitioner,

v.                                         **ORDER**

United States, and others,
Warden L. Lariva,

       Respondent.

    Andrew Alec Chavis, #12443-424, FMC Rochester, P.O. Box 4000, Rochester, MN 55903, petitioner pro se.

    Sarah E. Hudleston, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for respondent.

This matter is before the court upon the objection of pro se petitioner Andrew Alec Chavis to the January 9, 2018, report and recommendation (R&R) of Magistrate Judge Katherine Menendez. In her report, the magistrate judge recommended that the court dismiss the petition for a writ of habeas corpus without prejudice.

The court reviews the R&R de novo. 28 U.S.C. § 636(b)(1)©; D. Minn. LR 72.2(b). After a careful review, the court finds that the R&R is well reasoned and correct and overrules the objection.

## BACKGROUND

The underlying facts are not in dispute and will not be repeated except as necessary. A jury in the Northern District of Illinois found Chavis guilty of (1) conspiracy to possess cocaine

base with intent to distribute and (2) possession of cocaine base with intent to distribute. United States v. Chavis, 429 F.3d 662, 664 (7th Cir. 2005). At sentencing, the court found that Chavis was a career offender under § 4B1.1 of the sentencing guidelines, and imposed a sentence of 420 months' imprisonment. Id. at 667.

In 2005, Chavis appealed his sentence in light of United States v. Booker, 543 U.S. 220 (2005), which held that the sentencing guidelines were advisory, not mandatory. The Seventh Circuit remanded the case to the district court to determine if it would impose the same sentence in light of Booker. Chavis, 429 F.3d at 665. The district court reimposed the 420-month sentence, and the Seventh Circuit affirmed. United States v. Chavis, 184 F. App'x 574, 574 (7th Cir. 2006).

In August 2007, Chavis filed his first motion under 28 U.S.C. § 2255, which was dismissed without prejudice. Chavis filed a second § 2255 motion based on Descamps v. United States, 570 U.S. 254 (2013), which was dismissed as untimely. On May 2, 2016, Chavis filed a third § 2255 on the grounds that he was no longer a career offender under Johnson v. United States, 135 S. Ct. 2551 (2015). On November 20, 2017, the court denied the motion as untimely. See United States v. Chavis, No. 16 C 50152, 2017 WL 5569816, at *6 (N.D. Ill. November 20, 2017).

2

Chavis is currently incarcerated in the District of Minnesota. He petitions the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The magistrate judge recommended that the court dismiss the petition without prejudice, to which Chavis now objects.

## DISCUSSION

Chavis brings his petition under 28 U.S.C. § 2241, arguing that he is not a career offender under sentencing guidelines § 4B1.1 in light of the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016). Generally, challenges to federal convictions must be brought under 28 U.S.C. § 2255, unless the petitioner shows that relief under § 2255 is "inadequate or ineffective."  United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000).  Although the Eighth Circuit has not established a test to determine when the petitioner has made such a showing, several circuits require that the petitioner rely on a new rule of law that applies retroactively. See Dunklin v. Wilson, No. 13-2411, 2014 WL 5464250, at *4 (D. Minn. Oct. 27, 2017)(collecting cases).

The magistrate judge correctly concluded that Chavis failed to show that relief under § 2255 is inadequate or ineffective because Mathis did not announce a new rule of law.  R&R at 3-4; see also Blake v. United States, No. 17-1108, 2017 WL 2655098, at *1 (D. Minn. June 20, 2017)(citation and internal quotation marks omitted)("Mathis, however, does not represent a change in the law;

3

instead, its decision was dictated by decades of prior precedent."). The magistrate judge also concluded that, even if the court applied Seventh Circuit precedent as argued by Chavis, his claim would still fail. Chavis argues that the magistrate judge misapplied Seventh Circuit precedent. The court disagrees.

First, Chavis cites to no relevant authority establishing that the court should apply the precedent of the circuit in which he was convicted.[1] Second, even if the court applied Seventh Circuit precedent, it agrees with the magistrate judge that Chavis cannot bring a Mathis claim under § 2241. In the Seventh Circuit, a petitioner must show that he relies on a statutory-interpretation case that has been retroactively applied and that he could not have invoked it in his first § 2255 motion. Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013). Additionally, he must show that the sentencing enhancement resulted in a miscarriage of justice. Id.

The magistrate judge correctly concluded that because Mathis did not pronounce a new rule of statutory interpretation, Chavis was not prevented from raising Mathis-type arguments in his previous §

---

[1] The cases that Chavis cites only speak to the fact that a court should consider whether a petitioner's claim was barred by the law of the circuit in which the petitioner was convicted in determining whether § 2255 relief was inadequate or ineffective, see Linder v. Kreuger, No. 1:15-cv-01055-SLD, 2017 WL 5011879, at *2 (C.D. Ill. Nov. 2, 2017), or that a petitioner cannot base his claim for relief on a "difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated," see United States v. Prevatte, 300 F.3d 792, 800 (7th Cir. 2002).

2255 motions. R&R at 4. And even if the court agreed that Chavis could not have relied upon Mathis in his previous § 2255 motions, the Seventh Circuit has held that claims that the court incorrectly applied the sentencing guidelines are not miscarriages of justice, so long as the defendant was sentenced within the statutory range. See Hawkins v. United States, 706 F.3d 820, 823-25 (7th Cir. 2013)(affirming denial of § 2255 relief because an erroneous application of the advisory sentencing guidelines is not reversible in a post-conviction proceeding); see also Lovell v. B. True, No. 17-cv-541-DRH-CJP, 2017 WL 6623200, at *2 (S.D. Ill. Dec. 28, 2017)("There are some errors that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim."). Here, the court found that Chavis was a career offender under the sentencing guidelines, and his sentence is within the statutory range. As a result, Chavis cannot show that his sentence resulted in a miscarriage of justice, and the court overrules the objection.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The R&R [ECF No. 7] is adopted in its entirety;

2. Respondents' motion to dismiss [ECF No. 5] is granted; and

3. The petition for writ of habeas corpus is denied without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 19, 2018

s/David S. Doty
David S. Doty, Judge
United States District Court
